ON PETITION FOR REHEARING
BOARDMAN, Judge.
Appellant, on rehearing, disagrees with the following statement in our original opinion: “. . It appears from the record that appellant voluntarily agreed to pay appellee $30 per week as alimony for the period of her natural life.” . (Emphasis added).
It appears from the record that appellee, at the time of the contempt proceeding, testified that appellant had voluntarily agreed to pay her $30 per week as alimony for life. The trial court made such finding in its final order by allowing appellee lifetime alimony. Appellant, who was present at this hearing and represented by counsel, entered no objections to appellee’s testimony on this issue. Appellant also did not raise this point in his initial appeal. For the first time, on rehearing, appellant is objecting actually to the provision in the final order granting the wife $30 per week life alimony.
We would agree that in the absence of a mutual agreement, commitment *412 or stipulation for lifetime alimony, such provision of the final order would be subject to challenge. However, appellant’s remedy is to seek correction or modification at the trial level where it can be determined whether the parties entered into such an agreement.
We have reconsidered the remaining contention raised by appellant in his petition that he “. . . does not have the present ability to pay the arrearage ordered by the Trial Court,” and adhere to our opinion.
Accordingly, the petition for rehearing is
Denied.
MANN, C. J., and McNULTY, J., concur.
AFTER CLARIFICATION BY TRIAL COURT
BOARDMAN, Judge.
Upon receipt and review of the order of the trial court entered pursuant to our directions on remand for clarification of that part of the trial court’s order pertaining to the contempt ruling, we find that appellant is allowed to purge himself from the jail sentence. Accordingly, we would affirm the ruling of the trial court on this point.
MANN, C. J., and McNULTY, J., concur.